SIGNED this 8th day of June, 2018

Nicholas W. Whittenburg
**Nicholas W. Whittenburg**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Imad Khalil Rassas** | ) | **No. 1:17-bk-13581-NWW** |
| | ) | **Chapter 13** |
| **Debtor** | ) | |
| | ) | |
| **Tennessee Education Lottery Corporation** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Adv. No. 1:17-ap-01055-NWW** |
| | ) | |
| **Imad Khalil Rassas** | ) | |
| | ) | |
| **Defendant** | ) | |

## M E M O R A N D U M

This adversary proceeding is before the court on the Motion for Summary Judgment filed by the plaintiff on May 17, 2018. The defendant did not respond to the motion within 21 days, so the material facts set forth in the movant's statement are deemed admitted, E.D. Tenn. LBR 7056-1(b), and the court construes the failure to respond "to

mean, that the respondent does not oppose the relief requested by the motion," E.D. Tenn. LBR 7007-1(a). Accordingly and the court having considered the motion, the supporting brief, and the statement of undisputed material facts and materials cited therein, the court will grant the motion.

There is no genuine issue as to any of the following facts. The defendant is the owner and operator of a convenience store. In 2012, he entered into a Retailer Contract with the plaintiff, which required him to hold the proceeds of lottery ticket sales in trust for the plaintiff and deposit the funds on a daily basis in a separate lottery trust account in the name of the defendant as trustee for the plaintiff. During the period June 1 through August 6, 2016, the defendant was solely responsible for managing the day-to-day operations of his convenience store, for supervising employees of the store, and for depositing ticket sales proceeds into the trust bank account. However, the defendant did not deposit the funds into the account on a daily basis, and he failed to remit $15,660.77 in sales proceeds to the plaintiff for four weeks in July and August 2016.

On August 8, 2017, the defendant filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. His Schedule F lists a debt to the plaintiff in the amount of $20,880.50 and does not identify the debt as contingent, unliquidated, or disputed. On January 11, 2018, the court confirmed the Debtor's Second Amended Chapter 13 Plan, which provides that holders of nonpriority unsecured claims will share in the funds remaining after the payment of administrative expenses, priority claims, and secured claims, which dividend is to equal or exceed the sum of $1,035.00.

A party is entitled to summary judgment if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter

-2-

of law." Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the court will construe all reasonable inferences in favor of the non-moving party. *Waeschle v. Dragovic*, 576 F.3d 539, 543 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Where the evidence would permit a reasonable jury to return a verdict for the non-moving party, a genuine issue of material fact exists and summary judgment must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In the face of a summary judgment motion, the nonmoving party may not rest on its pleadings, but must come forward with some probative evidence to support its claim. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986); *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (holding that nonmoving party must present "some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial"). In the words of Rule 56(c)(1) of the Federal Rules of Civil Procedure, "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

The complaint initiating this adversary proceeding seeks a judgment in the amount of $15,660.77 and the costs of this proceeding,[*] and a determination that the judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(4), which makes non-

---

[*]The original complaint also sought $5,215.00 in collection expenses, but the proposed order granting the plaintiff's motion for summary judgment does not include any sum for collection costs, so it appears that the plaintiff has abandoned that claim.

dischargeable a debt for "fraud or defalcation while acting in a fiduciary capacity." "A 'defalcation' encompasses not only embezzlement and misappropriation by a fiduciary, but also the 'failure to properly account for such funds.' A debt is nondischargeable as a defalcation when the preponderance of the evidence establishes: '(1) a preexisting fiduciary relationship; (2) breach of that fiduciary relationship; and (3) a resulting loss.'" *Bd. of Trustees of the Ohio Carpenters' Pension Fund v. Bucci (In re Bucci)*, 493 F.3d 635, 639 (6th Cir. 2007) (quoting *Capitol Indem. Corp. v. Interstate Agency, Inc. (In re Interstate Agency)*, 760 F.2d 121, 125 (6th Cir.1985); *Commonwealth Land Title Co. v. Blaszak (In re Blaszak)*, 397 F.3d 386, 390 (6th Cir. 2005)). To establish "fraud or defalcation while acting in a fiduciary capacity," a creditor must prove the existence of an express or technical trust. *R.E. America, Inc. v. Garver (In re Garver)*, 116 F.3d 176, 180 (6th Cir. 1997); *accord, e.g., Bucci*, 493 F.3d at 639 ("In *Carlisle Cashway, Inc. v. Johnson (In re Johnson)*, 691 F.2d 249, 251-52 (6th Cir.1982), and *In re Interstate Agency*, 760 F.2d at 125, we limited the application of the defalcation provision to express or technical trusts and refused to extend it to constructive or implied trusts imposed by operation of law as a matter of equity.").

This court has previously held that section 4-51-120 of the Tennessee Code Annotated and the Tennessee Lottery Corporation Retailer Contract create an express trust for purposes of § 523(a)(4). *Tenn. Educ. Lottery Corp. v. Cooper (In re Cooper)*, 430 B.R. 480, 489-99 (Bankr. E.D. Tenn. 2010) (Stair, J.); *see Appalachian Oil Co. v. Tenn. Educ. Lottery Corp. (In re Appalachian Oil Co.)*, 471 B.R. 199, 205-08 (Bankr. E.D. Tenn. 2012) (Parsons, J.). Accordingly and because there is no genuine issue that the defendant "has failed to properly account for or allocate funds in an objectively reck-

less manner," *Cooper*, 430 B.R. at 499, the court will enter a separate order granting the

plaintiff's Motion for Summary Judgment and will enter a separate judgment in the

amount of $15,660.77 plus the $350.00 filing fee and making a determination that the

debt is nondischargeble.

###